UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT AREIZAGA and LISETTE MARTINEZ- AREIZAGA,<br><br>                         Plaintiff,<br>      - against -<br><br>HOMEWARD RESIDENTIAL INC. F/K/A AMERICAN HOME MORTGAGE SERVICING INC.; OCWEN LOAN SERVICING, LLC; and WELLS FARGO BANK, N.A., AS TRUSTEE FOR POOLING AND SERVICING AGREEMENT OPTION ONE MORTGAGE LOAN TRUST 2004-1 ASSET-BACKED CERTIFICATES, SERIES 2004-1<br><br>                         Defendant. | Case No: 13-cv-00188 (SLT) (JMA)<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendants HOMEWARD RESIDENTIAL INC. F/K/A AMERICAN HOME MORTGAGE SERVICING INC. ("HRI"), OCWEN LOAN SERVICING, LLC ("OLS") and WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2004-1 ASSET BACKED CERTIFICATES, SERIES 2004-1, sued incorrectly herein as WELLS FARGO BANK, N.A., AS TRUSTEE FOR POOLING AND SERVICING AGREEMENT OPTION ONE MORTGAGE LOAN TRUST 2004-1 ASSET-BACKED CERTIFICATES, SERIES 2004-1 ("WFBNA") (collectively, the "Defendants"), by and through their attorney, HINSHAW & CULBERTSON LLP, for their Answer to the Amended Complaint (the "Complaint") herein states as follows:

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PRELIMINARY STATEMENT"

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "JURISDICTION"

3. The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

4. The allegations contained in paragraph 4 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "VENUE"

5. The allegations contained in paragraph 5 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "PARTIES"

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

7. Defendant HRI admits that it serviced the mortgage loan on Plaintiffs' home, is organized under the laws of Delaware and has an office in the State of Texas. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Admits that Defendant HRI was a participant in HAMP. Denies the remaining allegations in paragraph 9 as they call for legal conclusions or put forth allegations to which a response is not required.

10. Defendant OLS admits that it services the mortgage loan on Plaintiffs' home and has an office in the State of Florida. As to Plaintiffs' remaining allegations, Defendant OLS respectfully refers the Court to the link referenced in paragraph 10 of the Complaint for its contents and legal import, if any. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

11. Admits that Defendant OLS was a participant in HAMP. Denies the remaining allegations in paragraph 11 as they call for legal conclusions or put forth allegations to which a response is not required.

12. Defendant WFBNA admits that it is a national banking association, has offices in the State of Florida and South Dakota, is the assignee and holder of the Plaintiffs' mortgage loan and that OLS is the successor of HRI as WFBNA's servicer. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "STATEMENT OF FACTS"

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admits that a foreclosure action was commenced in Kings County Supreme Court against Plaintiffs in July of 2006.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiffs were denied a loan modification at that time. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiffs were served with notice of the foreclosure sale. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

20. Admits the allegations contained in paragraph 20 of the Complaint.

21. Admits the allegation contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant respectfully refers the Court to the link referenced in paragraph 23 of the Complaint for its contents and legal import, if any.  To the extent these allegations imply the existence of facts the existence of facts supporting Plaintiffs' claims, they are denied.

24. Defendant respectfully refers the Court to the link referenced in paragraph 24 of the Complaint for its contents and legal import, if any.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

25. Admits the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

130552484v1  0943382

27. Denies the allegations contained in paragraph 27 of the Complaint, except admits that the modification agreement provides for a new principal balance of $345,793.22 and a balloon payment of $117,039.00. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admits that the parties entered into a stipulation to dismiss the foreclosure action in March of 2010. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

29. Admits the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

32. Admits the allegations contained in paragraph 32 of the Complaint.

33. Defendant respectfully refers the Court to the portion of the March 31, 2012 letter quoted in paragraph 33 of the Complaint for its content and legal import, if any. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

130552484v1 0943382

34. Denies the allegations contained in paragraph 34 of the Complaint, except admits the modification agreement states that fees and costs will be included in the new principal balance.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

36. Admits the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "FIRST CAUSE OF ACTION"

38. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 37 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

40. The allegations contained in paragraph 40 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Admits the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45, 45(a), 45(b), 45(c) and 45(d) of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "SECOND CAUSE OF ACTION"

48. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 47 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

50. The allegations contained in paragraph 50 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

51. Admits the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

130552484v1  0943382

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Admits the allegations contained in paragraph 57 of the Complaint.

58. Admits the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "THIRD CAUSE OF ACTION"**

61. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 60 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 61 of the Complaint.

62. Admits the allegations contained in paragraph 62 of the Complaint.

63. Admits the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admits that Plaintiffs executed their copy of the agreement on February 23, 2010. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

65. The allegations contained in paragraph 65, 65(a), 65(b), 65(c) and 65(d) of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

66. Denies the allegations contained in paragraph 66, 66(a), 66(b), 66(c) and 66(d) of the Complaint.

130552484v1  0943382

67. The allegations contained in paragraph 67 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

68. Admits that HRI received and accepted payments from the Plaintiffs. Any remaining allegations call for conclusions of law, which do not require a response.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies knowledge or information as to the truth of the allegations contained in paragraph 70 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Admits the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

75. The allegations contained in paragraph 75 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against the Defendants, they are denied.

76. Denies the allegations contained in paragraph 76, 76(a), 76(b) and 76(c) of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

130552484v1 0943382

**SECOND AFFIRMATIVE DEFENSE**

78. Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

79. The Complaint is barred in whole or in part by reason of the equitable doctrines of unclean hands, waiver or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

80. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

81. Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

130552484v1  0943382

**WHEREFORE,** the Defendants respectfully requests that the Court enter an order and judgment of this Court in its favor and against Plaintiffs as follows:

1. Dismissing all causes of action against the Defendants with prejudice and on the merits; and

2. Awarding the Defendants such other and further relief as the Court deems just and equitable.

Dated:  New York, New York
        April 8, 2013

                                    Respectfully submitted,

                                    HINSHAW & CULBERTSON LLP
                                    *Attorneys for Defendants*
                                    *Homeward Residential Inc. f/k/a American Home Mortgage Servicing Inc., Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A., as Trustee for Pooling and Servicing Agreement Option One Mortgage Loan Trust 2004-1 Asset-Backed Certificates, Series 2004-1*

                                    By:  *s/Jason J. Oliveri*
                                         Jason J. Oliveri (JO-8024)
                                         Schuyler B. Kraus
                                    780 Third Avenue, 4th Floor
                                    New York, New York 10017
                                    Tel: (212) 471-6200

TO:

Sara Manaugh, Esq.
South Brooklyn Legal Services
Foreclosure Prevention Project
105 Court Street, 4th Floor
Brooklyn, New York 11201
*Attorneys for Plaintiffs Albert Areizaga
and Lisette Martinez-Areizaga*